UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH LEFEBVRE                    JURY TRIAL DEMANDED

v.                                 CASE NO.  3:14 cv

SENTRY CREDIT, INC.
JAMES STEWART

## COMPLAINT

1. This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

2. This Court has jurisdiction. 15 U.S.C. §1692k; 28 U.S.C. §1331 and §1367.

3. Plaintiff is a natural person and a consumer within the FDCPA, whose address is in Putnam CT according to defendant's records.

4. The Defendant Sentry is licensed as a Consumer Collection Agency by the State of Connecticut, Department of Banking.

5. Defendant Stewart is the CEO of Sentry, actively participates in collection efforts, oversees all aspects of Sentry's collection practices, and drafted, ratified or approved the letter sent to plaintiff.

6. Sentry has been a member of a collectors' trade organization, ACA International, since 1993.

7. ACA provides educational and training material to help members comply with the FDCPA, including such publications as FastFax 8000, on Adding Fees to Debts.

8. The defendants use the mails in their regular efforts to collect personal accounts from consumers on behalf of third parties.

9.      On March 20, 2014, defendants sent a letter to plaintiff with regard to his personal Citizens Bank account.

10.     Defendants intentionally claimed that the "Principal Balance" was $2,609.92, the "Interest" was $898.25, "Other Costs" were $680.00, and the "Total Balance" was $4,188.17.

11.     Defendants had not incurred any "Other Costs."

12.     Citizens Bank had not paid any collection costs or fees to defendants.

13.     State law expressly prohibits the addition of "any charge or fee to the amount of any claim which it receives for collection or knowingly accept[ing] for collection any claim to which any charge or fee has already been added to the amount of the claim unless the consumer debtor is legally liable therefor, in which case, the charge or collection fee may not be in excess of fifteen per cent of the amount **actually collected** on the debt." Conn. Gen. Stat. §36a-805(13) (emphasis added).

14.     It is black letter law that a debt collector may not attempt to collect any amount above the principal of the obligation, "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Defendant bears the burden of proof that it is within the "unless" clause of §1692f(1). See, e.g., Meacham v. Knolls Atomic Power Lab., 128 S. Ct. 2395, 2400, 171 L. Ed. 2d 283 (2008) ("[T]he burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits.") (quoting *FTC v. Morton Salt Co.*, 334 U.S. 37, 44-45, 68 S. Ct. 822, 92 L. Ed. 1196, 44 F.T.C. 1499 (1948) (internal quotation marks omitted)).

15. Plaintiff claims that Defendants' collection efforts violated 15 U.S.C. §1692e(2), -f(1) or –g by including an unlawful collection fee in the total amount due on the account. <u>Tuttle v. Equifax Check</u>, 190 F.3d 9, 13 (2d Cir. 1999).

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such compensatory and punitive damages as are permitted by law, as well as $1,000 statutory damages under the FDCPA.

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and further relief as law or equity may provide.

    THE PLAINTIFF

*Joanne S. Faulkner*

BY_____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net